UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHENESIA E. WOOD,

                        Plaintiff,              06-CV-6661T

            v.                                  **DECISION**
                                                **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____

INTRODUCTION

    Plaintiff  Phenesia  E.  Wood  ("Wood")  brings  this  action
pursuant  to  Titles  II  and  XVI   of  the  Social  Security  Act,  § 201
et.  seq.  (codified  at  42  U.S.C.  §  401  et.  seq.  and  42  U.S.C.  §  1381
et.  seq.)  claiming  that  the  Commissioner  of  Social  Security
improperly  denied  her  application  for  disability  benefits.[1]
Specifically,  Wood  alleges  that  the  decision  of  an  Administrative
Law  Judge  ("ALJ")  denying  her  application  for  benefits  was
erroneous  because  it  was  not  supported  by  substantial  evidence  in
the  record.

    The  Commissioner  moves  for  judgment  on  the  pleadings  on
grounds  that  the  ALJ's  decision  was  correct,  was  supported  by
substantial  evidence,  and  was  made  in  accordance  with  applicable
law.  Wood  opposes  the  defendant's  motion,  and  cross-moves  for
judgment  on  the  pleadings.  Because  the  Court  determines  that  the

_____

    [1] This  case  (formerly  civil  case  03-CV-0963E)  was
transferred  to  the  undersigned  by  the  Honorable  Richard  J.
Arcara,  Chief  Judge,  United  States  District  Court  for  the  Western
District  of  New  York  by  Order  dated  December  27,  2006.

findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of the defendant.

BACKGROUND

On July 27, 1999, plaintiff Phenesia Wood, at the time a 51 year old former quality control worker and production clerk, applied for Social Security disability benefits and Supplemental Security Income payments, claiming that she had become unable to work as of September 13, 1996 because of asthma and emphysema with a history of diabetes and hypertension. Wood's application was denied initially and on reconsideration. Thereafter, Wood requested an administrative hearing before an Administrative Law Judge which took place on August 24, 2000. Plaintiff was represented by a paralegal at the hearing.

In a decision dated October 17, 2000, the ALJ found that although Wood's problems relating to her asthma, emphysema, diabetes, and hypertension were severe, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Wood's appeal of the ALJ's decision to the Social Security Appeals Board was denied on November 12, 2003, and on December 30, 2003 plaintiff filed this action.

DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.

Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. <u>See</u>, <u>Monqeur v. Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." <u>Lynn v. Schweiker</u>, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of

facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II.  The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from severe asthma and emphysema as well as a history of diabetes and hypertension, this condition did not constitute an impairment under 20 C.F.R. 404.1501 et. seq. (Transcript of Administrative Proceedings at page 20) (hereinafter "T.").

Plaintiff contends that the ALJ erred in failing to properly evaluate the opinion of Wood's treating physician, Dr. Jon Miller. Dr. Miller offered two opinions as to Wood's ability to work. The first, from June 1999, contains conflicting information (T. 188-

89). First Dr. Miller opines that plaintiff is limited to sedentary work (T. 188), but later in the report states that plaintiff is not able to do her usual work or any other type of work (T. 189). The second report, from July 2000, also contains conflicting evidence (T. 245-47). Dr. Miller first states that making conclusions about limitations would not be applicable for Wood because she is retired. He then states that she can lift five or ten pounds, checks "no" for lifting, carrying, standing, walking, sitting, and pulling limitations, but then states that Wood is "totally and permanently disabled." (T. 245-46). He also states that Wood is limited in all aspects of manipulation, vision and communication, and environmental factors (T. 247). Limitations in manipulation, vision, and communication are not supported by objective medical evidence nor by plaintiff's own testimony (T. 41-44).

Testimony from other examining and consultative physicians offer additional evidence and is not inconsistent with that of Dr. Miller. Both Dr. James Lampasso, a specialist in pulmonary diseases, and Dr. Jerome Maurizi, an examining physician, concluded that Wood was capable of working, so long as it was in a workplace that was free of environmental irritants (T. 365, 409-10). Dr. M. Jaffri, an examining physician, concluded that Wood could work with some lifting, carrying, standing, walking, climbing, and sitting limitations as well as avoiding exposure to allergens (T. 168). Also, the opinions of five State agency physicians conclude that Wood is capable of performing light work with some

respiratory restrictions (T. 178 (Dr. Alberta Micale), 181-87 (Dr. Verna Yu), 348 (Dr. Richard Eales), 350-56 (Dr. J. Dale and Dr. Mathew Alukal)). Because Dr. Miller's reports offered conflicting information and were not supported by other medical evidence reflected in the record as a whole, it was proper for the ALJ to conclude that Wood is capable of performing light work with the restriction of avoiding environmental irritants.

Plaintiff also contends that the ALJ erred when he did not find that Wood's back problems were severe. The ALJ correctly noted that Wood's treating physician Dr. Miller did not report any back problems. The record does contain the results of a CT scan performed in February 1995 which indicated some spinal stenosis at L4-5 and L5-S1 (T. 240, 346). However Wood's treating physician offered no opinion as to whether this was disabling or imposed any functional limitation on her ability to work. Wood herself testified that she takes Lortabs for her back pain on an as needed basis only and that the Lortabs relieve her pain without any side effects (T. 45, 52). Only two physicians make any note of Wood's back pain. Dr. Maurizi diagnosed low back syndrome but concluded that she was capable of working as long as she avoided repetitive activity that would exacerbate her low back syndrome (T. 403-10). Dr. Jaffri also noted low back pain but concluded that she was capable of working with some limitations in lifting, carrying, standing, walking, climbing, and sitting (T. 167-69). Considering

the medical evidence as a whole, the ALJ did not err when he did not find that Wood's back injury was severe.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          January 17, 2007